WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Carlos Rodriguez, | No. CV-24-00623-PHX-KML |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Petitioner Jorge Carlos Rodriguez was convicted in state court of sex crimes involving children and sentenced to lengthy terms of imprisonment. Rodriguez's federal petition alleges four claims, mostly based on the state trial court requiring he wear a stun-belt and leg brace during trial. Magistrate Judge James F. Metcalf issued a Report and Recommendation ("R&R") recommending two claims be denied on their merits and two claims be dismissed as procedurally defaulted. (Doc. 22.) Rodriguez filed objections but the R&R's recommended result is correct and Rodriguez's petition is denied.

**I. Background**

Neither party objects to the R&R's factual background and it is adopted. In brief, Rodriguez was charged with multiple sex crimes and proceeded to trial. The trial court required Rodriguez wear a stun-belt and leg brace during trial but "did not hold an evidentiary hearing or make an independent determination for the need for restraints" before doing so. (Doc. 15-3 at 119.) After Rodriguez was convicted of multiple counts he pursued a direct appeal. Most of his arguments were rejected during that appeal but the

Arizona Court of Appeals remanded for "the trial court to hold a hearing to evaluate the need for the restraints and whether they interfered with [Rodriguez's] right to a fair trial." (Doc. 15-3 at 119.)

On remand the trial court conducted an evidentiary hearing and issued findings of fact. In those findings, the court concluded use of the stun-belt and leg brace had been appropriate based on the length of sentences Rodriguez was facing, his criminal history, and the configuration of the courtroom. (Doc. 15-5 at 359-60.) The trial court also stated "[t]here [was] no evidence the stun-belt . . . and leg brace . . . were visible to the jury." (Doc. 15-5 at 359.) Rodriguez again appealed but the Arizona Court of Appeals affirmed, concluding Rodriguez had not shown the stun-belt and leg brace denied him a fair trial. (Doc. 15-5 at 456.)

After his direct appeals concluded, Rodriguez sought post-conviction relief in state court. The trial court denied relief and Rodriguez did not file a petition for review with the Arizona Court of Appeals. Rodriguez claims he lacked access to the record when preparing both his initial petition for post-conviction relief and his petition for review. The R&R points out Rodriguez's arguments regarding access to the record appear to be focused on obstacles Rodriguez faced in filing his petition in the trial court, but it is Rodriguez's failure to file a petition for review with the court of appeals that is the possible basis for concluding some claims were procedurally defaulted. (Doc. 22 at 12.)

**II. Analysis**

The R&R construed Rodriguez's federal petition as asserting four claims. The first two claims involve the stun-belt and leg brace (collectively, "restraints"); the third and fourth claims involve ineffective assistance of trial and appellate counsel ("IAC claims"). All the claims have significant overlap as even the IAC claims primarily raise counsel's failures involving the restraints (although Ground Four also cites additional failures). The R&R concludes Rodriguez's first two claims were exhausted and should be reviewed on their merits, but the IAC claims were not exhausted and there is no basis to excuse that failure. Rodriguez filed objections and respondents filed a reply. (Doc. 27, 28.)

**A. Exhausted Claims**

In rejecting the merits of Rodriguez's first two claims based on the use of restraints, the R&R reasons the state court made a factual finding that the restraints had not been visible to the jurors, and that factual finding was not unreasonable. (Doc. 22 at 14.) Accepting that the restraints were not visible, the R&R concludes there is no clearly established Supreme Court authority that prohibits "post-trial findings of justification" of the need for restraints.[1] (Doc. 22 at 18.) Rodriguez's objections focus on his belief that "the restraints may have been visible to, or perceived by, the jurors." (Doc. 27 at 6.) And based on that possibility, Rodriguez appears to argue the trial court's failure to make findings of justification *before* trial violated his federal constitutional rights.

A federal court must "accord the state trial court substantial deference" when reviewing factual findings. *Brumfield v. Cain*, 576 U.S. 305, 314 (2015). "If [r]easonable minds reviewing the record might disagree about the finding in question," a federal court must accept the state court's finding. *Id.* (simplified). The state trial court in this case found the restraints were not visible during Rodriguez's trial. (Doc. 15-5 at 359.) Rodriguez's objections cite arguably contradictory evidence presented at the evidentiary hearing (Doc. 27 at 6), but the trial court rejected that evidence (Doc. 15-5 at 359) and it had a sufficient basis to do so. During the evidentiary hearing regarding the use of restraints, Rodriguez's counsel testified he would have alerted the court if he believed a juror had learned of the restraints. (Doc. 3-1 at 40.) And it was undisputed that during trial Rodriguez had taken the witness stand outside the presence of the jury. Relying on these facts and others, the state trial court concluded the restraints had not been visible. This court accepts that finding, as it must. *See Brown v. Poole*, 337 F.3d 1155, 1160 n.2 (9th Cir. 2003) (requiring deference to "all factual findings of the state court that are reasonable in light of the evidence

---

[1] The R&R determines that if Rodriguez's restraints had been visible, "the Arizona Court of Appeals' reliance on the trial court's post-trial findings would have been contrary to the clearly established law" as set forth by the United States Supreme Court. (Doc. 22 at 18.) But even assuming the restraints had been visible and it was impermissible to rely on post-trial findings justifying those restraints, the issue would still be subject to harmless error review. *Larson v. Palmateer*, 515 F.3d 1057, 1064 (9th Cir. 2008). Rodriguez would be entitled to relief only on showing even visible restraints "had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* (simplified).

- 3 -

presented in the state court proceedings.") (quotation omitted).

In light of the state court's factual finding, the issue is whether the use of *non-visible* restraints violated Rodriguez's clearly-established constitutional rights. To be entitled to relief, Rodriguez would need to establish the state court's determination was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme Court has not addressed when, if ever, the use of non-visible restraints might violate a defendant's due process rights. *See Shirley v. Tegels*, 61 F.4th 542, 546 (7th Cir. 2023) ("No Supreme Court precedent has squarely addressed whether placing a criminal defendant in hidden physical restraints unconstitutionally inhibits that defendant's ability to present a complete defense at trial."). And absent Supreme Court authority addressing non-visible restraints, the Arizona courts' rejection of Rodriguez's first two claims could not have been "contrary to" or "an unreasonable application of" governing law. 28 U.S.C. § 2254(d)(1). Rodriguez's exhausted claims fail.

**B.  Procedurally Defaulted Claims**

As for Rodriguez's remaining two IAC claims, one is based on Rodriguez allegedly being denied effective assistance of counsel because his trial counsel failed to object to the restraints and his appellate counsel failed "to argue the per se reversible shackling error." (Doc. 1 at 9.) The other claim is that Rodriguez was denied effective assistance of counsel by his trial counsel "failing to investigate [Rodriguez's] case and failing to communicate with [Rodriguez] before and during the trial proceeding." (Doc. 1 at 10.) Although not entirely clear, the alleged investigatory and communication failures involved numerous issues, including the use of restraints. (Doc. 1 at 10) ("Trial counsel refused to inform the Court that petitioner was in physical pain and mental anguish from being unduly restrained . . . ."). The R&R found these claims procedurally defaulted without excuse. (Doc. 22 at 8-12.) The underlying facts regarding Rodriguez's pursuit of the IAC claims are disputed.

Rodriguez filed a petition for post-conviction relief in August 2022. (Doc. 15-6 at 26.) The trial court denied that petition in March 2023. (Doc. 15-6 at 53.) In May 2023,

Rodriguez filed a "Request for Permission to File a Delayed Petition for Review." (Doc. 15-6 at 58.) The state trial court granted that request, giving Rodriguez until June 28, 2023, to file a petition for review. (Doc. 15-6 at 64.) No petition for review was filed. In answering Rodriguez's federal petition, respondents argued Rodriguez's IAC claims were procedurally defaulted not because of any flaw with his petition to the state trial court but because he "never petitioned for review from the superior court's dismissal of his PCR petition." (Doc. 15 at 14.) The R&R agrees the failure to file a petition for review means the IAC are procedurally defaulted.

In objecting to the R&R, Rodriguez argues any procedural default should be excused because he was "compelled . . . to submit an incomplete PCR petition by no fault of his own." (Doc. 27 at 8.) The state allegedly denied Rodriguez access to the record such that he could not prepare a "rule-compliant PCR petition." (Doc. 27 at 9.) According to Rodriguez, the state's actions deprived him of the basic tools necessary to prepare a petition for review and meant any "petition for review in the state appellate court would have been futile." (Doc. 27 at 8.) Despite these objections, the R&R's conclusion was sound.

As explained in the R&R, even assuming Rodriguez had been unable to obtain "the necessary records to support his claims . . . he posits no reason why he did not seek a further extension of the deadline for a petition for review asserting such inability." (Doc. 22 at 11.) Instead of seeking additional extensions—or filing a petition for review noting he had been denied access to the records—Rodriguez chose to "file[] no petition at all." (Doc. 22 at 12.) Rodriguez's objections claim filing a petition for review without access to his records would have been "futile." A "futility doctrine" may apply in limited circumstances to "excuse[] a petitioner's failure to exhaust state remedies." *Alfaro v. Johnson*, 862 F.3d 1176, 1180 (9th Cir. 2017) (futility doctrine may apply "if the highest state court has recently addressed the issue raised in the petition and resolved it adversely to the petitioner"). But Rodriguez has not established the doctrine should apply when a petitioner has been unable to obtain his records and on that basis *chooses* not to file a petition for review. The R&R is correct that Rodriguez's IAC claims are procedurally defaulted

without excuse. *See Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988) ("apparent futility of presenting claims to state courts does not constitute cause for procedural default").

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 22) is **ADOPTED**.

**IT IS FURTHER ORDERED** the petition for writ of habeas corpus (Doc. 1) is **DENIED**. The Clerk of Court shall enter judgment and close this case.

**IT IS FURTHER ORDERED** leave to proceed in forma pauperis and a certificate of appealability are **DENIED** because dismissal of the petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 8th day of August, 2025.

Honorable Krissa M. Lanham
United States District Judge